UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

JAMES MAHNKE,

                    Plaintiff,

    -against-

RAINMEN USA INC. ET AL,

                    Defendants.

------------------------------------------------------------ x

**ORDER GRANTING MOTION TO DISMISS THIRD CLAIM FOR RELIEF**

24 Civ. 4303 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       By this lawsuit, filed on June 5, 2024, Plaintiff James Mahnke sued Defendant Rainmen USA, Inc. ("Rainmen") for breaching a written agreement dated August 31, 2018. *See* ECF No. 52. The agreement was executed only by Rainmen. *See* ECF No. 33. The agreement provides that, upon a sale of the company, Mahnke would receive ten percent of the amounts distributed to Rainmen's shareholders. *See* ECF No. 52, ¶18. Plaintiff alleges that Rainmen was sold in April 2024 for approximately $23.5 million, but that he received nothing. *See id.*, ¶¶ 25–34.

       Plaintiff's original complaint and first amended complaint included claims against Jeffrey Nanus, the owner and CEO of Rainmen, and his wife, Wendy Nanus, as well as anonymous persons and entities. *See* ECF Nos. 1, 13. Upon Defendants' motion, I dismissed the complaint with leave to refile because it included individuals not party to the contract and unidentified defendants. *See* ECF No. 33. I later denied a motion for reconsideration. *See* ECF No. 41. Thereafter, Plaintiff filed a second amended complaint, solely for breach of contract, against Rainmen. With leave, Plaintiff filed a third amended complaint after the close of fact discovery, adding a fraudulent inducement claim against Rainmen and Jeffrey Nanus, alleging

1

that Nanus knew at the time of the agreement that he intended to dispute its enforceability. *See* ECF Nos. 51, 52, ¶¶ 59–76. Defendants moved to dismiss the fraudulent inducement claim. *See* ECF Nos. 55–57, 60. For the reasons below, I grant Defendants' motion to dismiss.

## DISCUSSION

To survive a motion to dismiss, a complaint must plead facts that, accepted as true, state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Under New York law, to maintain a claim of fraud where the Defendant intentionally made false statements indicating their intent to perform, "a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract, or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996) (internal citations omitted); *Lam v. Am. Exp. Co.*, 265 F. Supp. 2d 225, 230 (S.D.N.Y. 2003). A fraudulent inducement claim is independent of a breach of contract claim if it alleges misrepresentations of present fact and a duty separate from the contract. *See A Star Grp., Inc. v. Northland Energy Trading*, LLC, No. 21-797, 2023 WL 8613525, at *2 (2d Cir. Dec. 13, 2023) (internal citations omitted).

Plaintiff does not allege Defendants had a duty independent of the agreement. *See Bridgestone/Firestone, Inc.*, 98 F.3d at 20. The alleged statements concern the state of mind of Defendants on the enforceability of the contract. *See* ECF Nos. 51, 52. The claim fails to allege misrepresentation of present facts sufficiently beyond the scope of the contract to qualify as a distinct claim. *See id.; A Star Grp., Inc. v. Northland Energy Trading*, LLC, No. 21-797, 2023 WL 8613525, at *2; *Bridgestone/Firestone, Inc.*, 98 F.3d at 20 (*citing Papa's–June Music, Inc. v. McLean*, 921 F.Supp. 1154, 1162 (S.D.N.Y. 1996) ("dismissing fraud claim where '[t]he

2

complaint does not allege a fraud claim that is sufficiently distinct from the breach of contract claim' but 'merely appends allegations about [defendant's] state of mind to the claim for breach of contract'").

Plaintiff appears to seek special damages for consequential losses stemming from Defendants' conduct. *See* ECF No. 52. However, "profits that would have been realized in the absence of fraud, including the loss of an alternative bargain overlooked in favor of the fraudulent one," are barred from recovery as inherently speculative and undeterminable. *Doehla v. Wathne Ltd., Inc.,* No. 98 CIV. 6087 (CSH), 2000 WL 987280, at *7 (S.D.N.Y. July 17, 2000) (*quoting Geary v. Hunton & Williams,* 257 A.D.2d 482, 684 N.Y.S.2d 207 (1st. Dept.1999)).

Because Plaintiff's fraudulent inducement claim, accepted as factually accurate, fails to state a plausible claim of relief, it must be dismissed. *See Ashcroft*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons above, Defendants' motion to dismiss the third claim for relief is granted. The Clerk shall terminate ECF No. 55. The parties shall appear for a status conference on November 14, 2025, at 10:00 a.m.

SO ORDERED.

Dated: November 7, 2025
       New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3